IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IN RE: GREGORY L. WALLACE,<br><br>Plaintiff, | CV 19-00076-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Gregory Wallace, a state prisoner proceeding without counsel, submitted a nearly incoherent document which was liberally construed as a civil complaint. (Doc. 1.) On August 14, 2019, the Court issued an Order requiring Mr. Wallace to either pay the statutory filing fee of $400.00, or file a motion to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2.)

In addition, Mr. Wallace was advised that his filing was subject to the three-strikes provision of 28 U.S.C. § 1915(g), because he had on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. He was advised that if he filed a motion to proceed in forma pauperis, he had to file a brief setting forth sufficient facts to show that he is in imminent danger of serious physical injury. He was advised that a failure to provide such information

-1-

would result in a recommendation that his motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g), and that the case would be dismissed. (Doc. 2.)

On August 27, 2019, Mr. Wallace filed a motion to proceed in forma pauperis with a supporting account statement (Doc. 4) and a Complaint form (Doc. 5). On his motion to proceed in forma pauperis, he listed "Three unknown Federal-State Narcotics Agents, MT DOC" as Defendants in the case caption. (Doc. 4 at 1.) On his Complaint form, he lists "Three Unknow [sic] Federal–Statory [sic] position of Agents–MT Department of Correction, Ray Jay Dayton, Bradley Newman" as Defendants in the case caption. In the "Parties to this Complaint" section of the Complaint form, Mr. Wallace lists Judge Todd Baugh, Billings Police Officer Kevin Unruh, MSP Case Manager Ben Bouley, and MSP Parole Officer Jim Jess. (Amended Complaint, Doc. 5 at 4-5.)

Mr. Wallace alleges violations of the Fifth, Sixth, Eighth and Eleventh Amendments to the United States Constitution occurring July 2010, March 5, 2008, July 2019, and October 2018. He seems to allege that he had knee surgery on August 27, 2008 and "the above mistake, error or wrong issue regarding civil redress about why record of emotional & physical grievance." (Doc. 5 at 6.) He also appears to allege, without further detail, that he suffered a torn left Achilles

tendon.  (Doc. 5, at 7.)

Mr. Wallace has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit.  As such, he cannot proceed in forma pauperis in the instant case without showing that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g).  To meet this exception under § 1915(g), the complaint must "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (*quoting* § 1915(g) ).  The "threat or prison condition [must be] real and proximate."  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (*quoting Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)).  The allegations must be "specific or credible."  *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

The Court gave Mr. Wallace an opportunity to provide factual information to establish that he is in "imminent danger of serious physical injury," and he failed to do so.  There is simply no basis to find that knee surgery, which apparently occurred nine years prior to the filing of the Complaint, or an Achilles injury sustained at some unspecified time, establish an imminent danger of serious physical injury.  Mr. Wallace has presented no factual allegations to plausibly

suggest that he was in imminent danger of serious physical injury at the time he filed his Complaint.

Accordingly, the Court finds that Mr. Wallace was not under imminent danger of serious physical injury at the time he filed his Complaint. As such, his motion to proceed in forma pauperis should be denied.

Mr. Wallace is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Wallace's Motion to Proceed in Forma Pauperis (Doc. 4) should be DENIED.

2. The Clerk of Court should be directed to enter judgment and close this matter if Mr. Wallace fails to pay the $400.00 filing fee within 21 days of the adoption of these Findings and Recommendations.

DATED this 21st day of October, 2019.

          /s/ Timothy J. Cavan
        Timothy J. Cavan
        United States Magistrate Judge